17-880
Alam v. Barr

BIA
Christensen, IJ
A206 504 250

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of February, two thousand nineteen.

PRESENT:
>        GUIDO CALABRESI,
>        PETER W. HALL,
>        DEBRA ANN LIVINGSTON,
>            *Circuit Judges.*

_____

ROFI QUL ALAM,
>        *Petitioner,*

>        v.                                    17-880
>                                              NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.**

_____

FOR PETITIONER:            Khagendra Gharti-Chhetry,
                           New York, NY.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General William P. Barr is automatically substituted for former Acting Attorney General Matthew G. Whitaker as Respondent.

**FOR RESPONDENT:**  Chad A. Readler, Principal Deputy Assistant Attorney General; John S. Hogan, Assistant Director; Laura M.L. Maroldy, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Rofi Qul Alam, a native and citizen of Bangladesh, seeks review of a March 2, 2017, decision of the BIA affirming a December 8, 2015, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Rofi Qul Alam,* No. A206 504 250 (B.I.A. Mar. 2, 2017), *aff'g* No. A206 504 250 (Immig. Ct. N.Y. City Dec. 8, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Security*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of

2

review are well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

"Considering the totality of the circumstances, . . . a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . ."  8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 163-64.  Substantial evidence supports the agency's determination that Alam was not credible as to his claim that the Awami League and members of its student section, the Bangladesh Student League ("BSL"), attacked him and twice attempted to kidnap his daughter because he was a member of a rival political party, the Bangladesh Nationalist Party.

The agency reasonably relied on record inconsistencies regarding who reported Alam's attack to the police, when that report was made, what injuries he suffered, whether he hosted political meetings at his home, and the date of an important election.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 165-67.  Alam testified that his brother reported the attack to the police 15 days after

3

BSL members assaulted him and later, after his release from the hospital, he and his brother again went to the police; but both Alam's otherwise detailed written statement and his brother's letter mention only that Alam's brother reported the incident to the police and both sources explicitly identify the report as having been made the day after the attack. These inconsistencies regarding a main incident of persecution provide substantial evidence for the adverse credibility determination. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that "material inconsistency in an aspect of [an applicant's] story that served as an example of the very persecution from which he sought asylum . . . afforded substantial evidence to support the adverse credibility finding.") (internal quotation marks and citation omitted). Alam's initial insistence that the information was in his application, and his subsequent statement that he did not know why it was not, do not resolve the discrepancy. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be

4

*compelled* to credit his testimony.") (internal quotation marks omitted).

As for Alam's political work, the agency reasonably relied on inconsistencies between Alam's written statement that he had organized political meetings in his home during the election period, and his testimony that he never organized meetings to support a political candidate. *Id.* at 80-81 (noting that it is not our role to justify contradictions in an asylum applicant's submissions). The agency also did not err in considering Alam's inconsistent testimony as to when an important election took place given that the election was central to Alam's fear of persecution. *See Xiu Xia Lin*, 534 F.3d at 166-67.

Finally, given the totality of the circumstances, the agency did not err in finding suspect and giving limited weight to the 2015 medical letters written by the psychiatrist who allegedly treated Alam for his stab wounds and treated Alam's daughter after her attempted kidnappings, particularly given the inconsistency between Alam's testimony and written statement about whether he was stabled in one leg or both. *See Xiu Xia Lin*, 534 F.3d at 166-67; *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (the

weight afforded to the applicant's evidence "lies largely within the discretion of the IJ") (brackets and quotation marks omitted).

Due to the inconsistencies in the record relating both to Alam's political activities and the alleged persecution, the adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. That determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6